■ In the Matter of STEPHEN GRANT, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [42 NYS3d 808]—

Judgment (denominated an order), Supreme Court, New York County (Margaret A. Chan, J.), entered February 9, 2015, denying the petition to annul an amended final determination of respondent New York City Loft Board, dated June 20, 2013, which, inter alia, found the fourth-floor loft that petitioner entirely occupied consisted of two separate apartment units, and that he was the tenant of record of only one of the two units, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The Loft Board's determination that petitioner waived the objections he now seeks to assert to the division of the fourth

floor into two units was rationally based in the record and not contrary to law (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [1st Dept 2007], *affd* 11 NY3d 859 [2008]; *Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.*, 104 AD2d 223, 224-225 [1st Dept 1984], *affd* 66 NY2d 298 [1985]).

Petitioner participated in a 1994 narrative statement conference, at which the owner submitted plans for the legalization of his fourth-floor loft as two interim multiple dwelling (IMD) units. Petitioner objected to aspects of the owner's application, but did not object to the configuration of the loft as two IMD units. The Loft Board certified the owner's compliance with the narrative statement process, and the New York City Department of Buildings subsequently issued a work permit legalizing the floor as two IMD units. Under applicable Loft Board rules, petitioner thereby waived his right to object to that configuration (*see* former 29 RCNY 2-01 [d] [2] [iv] [B]; [d] [2] [vi]; [h]). In any event, the evidence adduced at the administrative hearing showed that the fourth floor was comprised of two separate units on the effective date of the Loft Law.

Petitioner's remaining contentions are unavailing. Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.